USDC SCAN INDEX SHEET











USA

L.F. THOMPSON & CO.

PA   4/15/98   9:52
3:93-CR-00242
*147*
*CRAPPJGM.*

======================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - -

NO. 96-50163
CT/AG#: CR-93-00242-LCN

UNITED STATES OF AMERICA

    Plaintiff - Appellant

v.

DANIEL C. MASTERS; LINDA F. MASTERS;
BRADLEY D. ZILKE; KIMBERLY A. ZILKE

    Defendants - Appellees

FILED
APR 13 1998
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

- - - - - - - - - - - - - - - - - - - - -

APPEAL FROM the United States District Court for the Southern District of California (San Diego).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Southern District of California (San Diego) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED as to the district court's order dismissing the indictments against Appellees.

Filed and entered February 24, 1998

A TRUE COPY
ATTEST  MAR 18 1998
CATHY CATTERSON
Clerk of Court
by: R. Caldwell
Deputy Clerk

ENTERED ON 4/15/98

147

FILED
FEB 24 1998
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 96-50163 |
| Plaintiff-Appellant, | |
| v. | D.C. No. CR-93-00242-LCN |
| DANIEL C. MASTERS; LINDA F. MASTERS; BRADLEY D. ZILKE; KIMBERLY A. ZILKE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Leland C. Nielsen, District Judge, Presiding

Argued and Submitted October 9, 1997
Pasadena, California

Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges

Because the parties are familiar with the facts, we recite them here only to the extent necessary to discuss the issues.

The United States appeals the district court's dismissal of a criminal indictment charging Daniel Masters, Linda Masters, Bradley Zilke and Kimberly Zilke with a complex securities fraud conspiracy. The district court dismissed the indictment on the ground that the passage of time between the defendants' indictment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

put on a case, this is particularly true in a case of this type (complex securities fraud), where witnesses and documents are likely to be voluminous. This notion is bolstered by the government's contention that much of the thirty-month delay was due to the difficulty the government had in securing thirty-two first-person affidavits.

Because the record supports the district court's finding of actual prejudice, the district court's order dismissing the indictments against Appellees is AFFIRMED.

A TRUE COPY MAR 18 1998

R. Caldwell

3

and their arrests violated their Sixth Amendment right to a speedy trial. We affirm.

Appellees' Sixth Amendment right to a speedy trial were violated because the government's negligence in arresting them caused them actual prejudice. See Barker v. Wingo, 407 U.S. 514 (1971). Under Barker, a speedy trial violation is based on: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. See id. at 530.

It is undisputed that the length of delay was thirty months and that Appellees asserted their rights. Although the government contests the reason for the delay, the record clearly establishes that the government was responsible for the delay. Thus, the only question remaining is whether appellees suffered prejudice as a result of the delay.

The district court's finding that the thirty-month delay caused Appellees actual prejudice by hampering their ability to put on a defense is adequately supported in the record.[1] The pre-trial delay of thirty months severely hampered Appellees' ability to find relevant documents as well as to produce witnesses. Although a thirty-month delay diminishes any party's ability to

---

[1] The district court correctly found that the government was negligent in its arrest of appellees. Once this negligence has been established, "prejudice will be presumed and its weight in defendant's favor will depend on the length of the delay." United States v. Aguirre, 994 F.2d 1454, 1456 (9th Cir. 1993). In other words, the length of the delay might serve to create a presumption of prejudice, but it does not necessarily do so. Having found actual prejudice, however, we need not determine whether the "presumptive prejudice" doctrine applies. See Doggett v. United States, 505 U.S. 647 (1992).

2

INTERNAL USE ONLY: Proceedings include all events.
96-50163 USA v. Masters, et al

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellant | Gregory A Vega<br>619-557-5610<br>[COR LD NTC aus]<br>USSD - OFFICE OF THE U.S.<br>ATTORNEY<br>880 Front Street<br>San Diego, CA 92101-8893 |
| v. | |
| DANIEL C. MASTERS<br>    Defendant - Appellee | Juanita R. Brooks, Esq.<br>(619) 595-5400<br>Suite 3200<br>[COR LD NTC ret]<br>Juanita R. Books, Esq.<br>[COR LD NTC ret]<br>McKENNA & CUNEO<br>750 "B" Street<br>San Diego, CA 92101 |
| LINDA F. MASTERS<br>    Defendant - Appellee | Juanita R. Brooks, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>David J. Cohen, Esq.<br>415/398-3900<br>[COR LD NTC ret]<br>LAW OFFICE OF DAVID J. COHEN<br>The Mckesson Building<br>One Post Street<br>Suite 1950<br>San Francisco, CA 94104 |
| BRADLEY D. ZILKE<br>    Defendant - Appellee | Karl A. Rupp<br>Suite 900<br>[COR LD NTC afp]<br>S. Todd Neal<br>619/234-8467<br>Suite 900<br>[COR LD NTC ret]<br>FEDERAL DEFENDERS OF SAN DIEGO<br>225 Broadway<br>San Diego, CA 92101-5008 |
| KIMBERLY A. ZILKE<br>    Defendant - Appellee | Janice M. Deaton, Esq.<br>619/231-1107<br>[COR LD NTC ret]<br>Law Firm<br>2366 Front Street<br>San Diego, CA 92101 |